IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAYLAND

UNITED STATES OF AMERICA :

v. : Criminal No. DKC 26-0348

DEONTE HARVEY :

**MEMORANDUM OPINION**

The Government filed a motion to review the release order entered by Magistrate Judge Charles D. Austin. (ECF No. 18). The parties provided supplemental material (ECF Nos. 21, 22, 23, and 25, along with audio files), and the undersigned listened to the recording of the hearing held by Judge Austin on October 23, 2026, and was provided with the pretrial services report. No oral hearing is necessary. Local Rule 105.6. For the following reasons, the motion will be granted and the release order revoked. There currently are no conditions, or combination of conditions, that will reasonably assure the safety of the community. An order of detention will be entered.

## I. Background

Mr. Harvey, Defendant, is charged in a three-count indictment with possession of a firearm and ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); and

possession of firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). The Defendant was initially arrested, charged, and remains detained in state court. He is facing a violation of probation proceeding there, and a bond of $20,000 has been set.

The pretrial services report discloses that the Defendant, age 21, is a lifelong resident of Baltimore, and was living with his girlfriend and their child. He is unemployed, and has no assets or debts, but receives SSI. His medical and drug use history is set forth. His criminal history includes some juvenile commitments as well as adult convictions for theft and conspiracy to commit robbery. He is currently on probation and is being held on a violation warrant.

The Government sought detention based on risk of flight and danger to the community. It provided photographic evidence of the Defendant in what it describes as drug trafficking both from Citi Watch cameras and officer body worn cameras, along with transcripts and recordings of communications from jail.

The Defense sought to put some of the Defendant's history in perspective, emphasized his youth, and proposed that he live with his mother on 24/7 lockdown and be placed in her third-party

custody. The defendant's mother has a Section 8 Housing Voucher.[1] According to the program rules, any tenant must be on the lease and, as a result, the Housing Authority of Baltimore City would have to be notified of the change, and its approval obtained. It is a violation of the lease to allow an unapproved person to reside in the residence. Furthermore, certain types of criminal activity can be grounds for eviction.

The Government has supplemented its proffer with additional references to jail recordings, both as to a purported threat concerning a witness and as to keeping his occupancy of his mother's apartment a secret in order to safeguard her status. The defense takes issue with the characterization of the conversations and proffers that the person the defendant, his mother, and girlfriend wanted to keep in the dark is a former girlfriend. The government provided another jail call, from October 27, in which the defendant's mother reports to him that she spoke with defense counsel who told her that she heard that it's against the law for the defendant to come to her house because she is part of the Section Eight program. According to the defendant's mother,

[1] The undersigned requested the Pretrial Services Officer to advise about the regulations governing the program. The email response is attached hereto.

counsel was planning to call the landlord to see if the defendant could live there. She reported to the defendant that she already knew that it would not be approved. In response, the defendant told his mother to call the attorney back and tell her that she (his mother) had already called and that it's none of her business.

## II. Standard of Review

> If the defendant "is ordered released by a magistrate judge . . . the attorney for the Government may file . . . a motion for revocation of the order or amendment of the conditions of release" for consideration by the presiding district judge. 18 U.S.C. § 3145(a)(1). The district judge reviews the matter de novo and "must make an independent determination" as to pretrial detention or conditions of release. *United States v. Gallagher*, Crim. No. SAG-19-0479, 2020 WL 2614819, at *3 (D.Md. May 22, 2020) (quoting *United States v. Stewart*, 19 F.App'x 46, 48 (4th Cir. 2001)).

*United States v. Reymundo*, 792 F.Supp.3d 612, 619 (D. Md. 2025).

> Under the Bail Reform Act, the government may move for a defendant's pretrial detention if the case involves, among other offenses, "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . ." 18 U.S.C. § 3142(f)(1)(C). When a defendant is charged with such an offense, . . . and the Court finds probable cause to believe the defendant committed the crime, there is a presumption, subject to rebuttal by the defendant, that "no combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). The presumption of detention

"places 'a limited burden of production—not a burden of persuasion' on the defendant to 'com[e] forward with evidence that he does not pose a danger to the community or a risk of flight.'" *United States v. Khusanov*, 731 F.App'x 19, 21 (2d Cir. 2018) (quoting *United States v. English*, 629 F.3d 311, 319 (2d Cir. 2011)); see *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010); *United States v. Moss*, 887 F.2d 333, 338 (1st Cir. 1989); *United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986); *United States v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985); *United States v. Alatishe*, 768 F.2d 364, 371 (D.C.Cir. 1985). When the defendant meets his burden of production, it "remains a factor to be considered among those weighed by the district court" but "does not eliminate the presumption favoring detention." *Khusanov*, 731 F.App'x at 21 (quoting *English*, 629 F.3d at 319). The government bears the burden of proving by a preponderance that no condition or combination of conditions will reasonably assure the defendant's appearance and by a clear and convincing showing that "no condition or combination of conditions will reasonably assure the safety of any other person and the community." 18 U.S.C. § 3142(f); *see Khusanov*, 731 F.App'x at 21 (noting that the "ultimate burden" of proof remains on the government to "mak[e] a preponderance showing that the defendant poses a risk of flight and a clear and convincing showing that he presents a danger to persons or the community"); *Stone*, 608 F.3d at 945 ("As our sister circuits have found, section 3142(e)(3)'s presumption in favor of detention imposes only a 'burden of production' on the defendant, and the government retains the 'burden of persuasion.' ") (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)); *Moss*, 887 F.2d at 338; *Suppa*, 799 F.2d at 119;

> *Portes*, 786 F.2d at 764; *Alatishe*, 768 F.2d at 371.

*United States v. Davis*, 449 F.Supp.3d 532, 534 (D.Md. 2020) (alterations in original).

Pursuant to § 3142(g), the court is to consider the following:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## III. Discussion

Judge Austin found that the presumption had been rebutted and that there were conditions that would reasonably assure both the appearance of the defendant and the safety of the community. He recognized the seriousness of the charged conduct and the strength of the evidence. He found that those factors were mitigated by the Defendant’s proposed plan.

Judge Austin ordered the release of the Defendant for 24/7 lockdown at his mother’s residence and placed the Defendant in his mother’s third-party custody. The parties discussed the problem with the Defendant, a convicted felon facing serious federal charges, living with his mother, who lives in Section Eight housing. Regulations applicable to Section Eight housing restrict who may live at the residence. At the hearing, all that Judge Austin heard was that the Defendant’s mother was not concerned. After the conclusion of the hearing, the Defendant, his mother, and possibly his girlfriend discussed the issue. There is a dispute about exactly what was discussed or decided in the discussions on October 23.

The recording of the defendant and his mother on October 27 demonstrates that the proposed living arrangement untenable. The

defendant’s mother recognized that allowing her son to live with her would likely violate the terms of her lease, if the authorities found out. When the defendant instructed her to call his attorney back and lie to her about having already called the Housing Authority, she did not refuse. Instead, she picked up another phone and tried to connect with defense counsel. Apparently there was no answer. The defendant repeatedly told his mother to tell counsel that she had already called and that it was none of her business.

This conversation makes clear that the Defendant’s mother is not a suitable custodian and that he is not amenable to being supervised by her as a third-party custodian. If the third-party custodian is willing to take direction from Mr. Harvey and possibly violate the regulations of her housing by concealing the fact that the Defendant is court ordered to reside with her, she cannot be trusted to abide by the expectations of being a third-party custodian. And the defendant is unlikely to abide by any instruction, from his mother or the court, as to his behavior. End of discussion.

With no suitable place to live, or suitable third-party custodian, the defense has not rebutted the presumption. Even if the presumption is rebutted by Defendant’s proffered information

concerning the context of his prior record and some of the recorded calls, the record does not substantiate the bona fides of the release plan or its adequacy to provide the conditions reasonably necessary to assure the safety of the community. The Defendant's attitude reflected on the calls negate any promise on his behalf to obey the law and the conditions of any release.

Thus, the court concludes that the plan proposed at the detention hearing is inadequate. There presently are no conditions or combination of conditions that would reasonably assure the safety of the community.

Accordingly, the release order entered by Judge Austin IS HEREBY RESCINDED. The Defendant shall remain detained. A separate detention order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge